# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD,<br><br>  Plaintiff,<br><br>  v.<br><br>M. KNOWLES, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:08-cv-00986-GSA PC<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT, AND DIRECTING CLERK'S OFFICE TO RETURN LODGED SUPPLEMENTAL COMPLAINT<br><br>(Doc. 13)<br><br>ORDER DENYING PETITION FOR RELIEF FROM CAL. GOVT. CODE SECTION 945.4 FOR LACK OF JURISDICTION<br><br>(Doc. 14) |

**I.    Motion for Leave to File Supplemental Complaint**

Plaintiff Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a motion seeking leave to file a supplemental complaint on December 1, 2008, and the proposed supplemental complaint was lodged on February 17, 2009.

Plaintiff filed this action on July 17, 2008, and seeks to add supplemental claims arising from events which occurred after suit was filed.  Specifically, Plaintiff seeks to add a retaliation claim arising from his placement in administrative segregation on August 28, 2008, allegedly in retribution for filing this action.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), Plaintiff may not add new and unrelated claims that arose after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing Plaintiff to add newly accrued claims would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

All claims at issue in this action must have been exhausted by July 17, 2008, therefore Plaintiff's motion for leave to file a supplemental complaint based on his retaliatory placement in administrative segregation on August 28, 2008, is denied.

**II.     Petition for Relief From Section 945.4**

On December 18, 2008, pursuant to California Government Code section 946.6, Plaintiff filed a petition for relief from section 945.4. The Court does not have jurisdiction to consider Plaintiff's petition, and it is denied on that ground. Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1022 (C.D.Cal. 2000) (question presented by 946.6 petition is different from merits of claim and, therefore, is not within federal court's subject matter jurisdiction) (citations omitted).

III. **Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a supplemental complaint, filed December 1, 2008, is DENIED;
2. The Clerk's Office shall return the proposed supplemental complaint, lodged February 17, 2009; and
3. Plaintiff's petition for relief from the provisions of California Government Code section 945.4, filed December 18, 2008, is DENIED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   **March 2, 2009**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE