# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | CASE NO. 1:08-cv-00986-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | (Doc. 16) |
| M. KNOWLES, et al., | |
| Defendants. / | |

　　Plaintiff Valentine E. Underwood, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2008.  This is a consent case pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California.

　　On February 27, 2009, Plaintiff filed a motion seeking a preliminary injunction mandating that prison officials at the California Correctional Institution return his personal and legal material, confiscated on February 19, 2009, in conjunction with a housing change.  Plaintiff alleges that his property is wrongfully being withheld in retaliation against him for seeking redress from the courts and in an attempt to preclude him from seeking redress from the courts.

　　"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An

///

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

The claims in this action arise out of an incident at Kern Valley State Prison on November 21, 2006, in which Plaintiff alleges excessive physical force was used against him, in retaliation for the inmate appeals he submitted grieving misconduct by correctional staff members. Plaintiff alleges he was subsequently wrongfully charged with and found guilty of battery on a peace officer.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Although Plaintiff argues in his motion that the wrongs he is suffering with respect to his property evidence "a pattern of guard harassment," issuing the order sought by Plaintiff would not remedy the legal claims at issue in this action. (Doc. 16, Motion, 4:12-13.) For that reason, the Court lacks jurisdiction in this action to issue the order sought by Plaintiff, Lyons, 461 U.S. at 101; Jones, 444 F.3d at 1126, and Plaintiff has not and cannot show he is entitled to the relief sought, Winter, 129 S.Ct. at 374.

For the reasons set forth herein, Plaintiff's motion for a preliminary injunction, filed February 27, 2009, is HEREBY DENIED.[1]


IT IS SO ORDERED.

Dated:   **August 21, 2009**                              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complaint is currently being reviewed by the Court, and a screening order will be issued in due course.

3