# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | CASE NO. 1:08-cv-00986-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DENIAL OF HIS REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT, WITH PREJUDICE |
| v. | |
| M. KNOWLES, et al., | |
| Defendants. | (Doc. 21) |
| | ORDER DENYING PLAINTIFF'S MOTION SEEKING RECONSIDERATION BY A DISTRICT JUDGE |
| | (Doc. 23) |

Plaintiff Valentine E. Underwood, a state prisoner proceeding pro se, filed this this civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2008. On April 10, 2009, Plaintiff filed a motion seeking reconsideration of the Court's order denying his motion to file a supplemental complaint. On June 19, 2009, Plaintiff filed a motion seeking reconsideration by a United States District Judge pursuant to Local Rule 72-302.

**I.     Motion for Reconsideration of Denial of Motion to Supplement**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

1  demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks
2  and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff
3  to show "what new or different facts or circumstances are claimed to exist which did not exist or
4  were not shown upon such prior motion, or what other grounds exist for the motion."

5       "A motion for reconsideration should not be granted, absent highly unusual circumstances,
6  unless the district court is presented with newly discovered evidence, committed clear error, or if
7  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
8  present evidence for the first time when they could reasonably have been raised earlier in the
9  litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
10 2009) (internal quotations marks and citations omitted) (emphasis in original).

11      Plaintiff's motion for reconsideration is without merit.  Plaintiff seeks to add a retaliation
12 claim arising from his placement in Ad-Seg and the SHU on August 28, 2008, at the California
13 Correctional Institution.  Plaintiff may not add new claims that arose after this action was filed
14 because such claims could not have been exhausted prior to filing suit.  42 U.S.C. § 1997e(a);
15 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); Harris v. Garner, 216 F.3d 970, 982
16 (11th Cir. 2000).  Plaintiff's argument that exhaustion occurred prior to filing his original complaint
17 is one of impossibility.  If Plaintiff's alleged retaliatory placement in Ad-Seg and the SHU occurred
18 on August 28, 2008, Plaintiff was required to exhaust that claim and could not have done so prior
19 to the filing of the original complaint because the event in question had not yet occurred.[1]

20      Further, as set forth in the Court's screening order, Plaintiff may not pursue any claims in this
21 action against staff at CCI.  Fed. R. Civ. P. 18(a).  All claims arising from events at CCI, including
22 Plaintiff's proposed new claims, must be raised in a new action.  Id.

23      Plaintiff's motion for reconsideration is denied, with prejudice.
24 ///

---

[1] Plaintiff was placed in Ad-Seg on August 28, 2008, in light of referral for possible validation as a Black Guerilla Family gang member.  (Doc. 21, court record p. 18.)  On September 5, 2008, a validation package was submitted for review and approval.  (Id., p. 21.)  These events must be exhausted, and Plaintiff submitted an appeal that received a response at the first level of review on September 16, 2008.  (Id., pp. 11-13.)  It is unclear whether Plaintiff successfully exhausted the appeal, but regardless, the events and the appeal of the event clearly occurred after this action was filed on July 17, 2008.

II. **Motion for Reconsideration by District Judge**

Plaintiff's fails to specify any order of which he is seeking reconsideration, and instead is a recitation of Plaintiff's filings and an identification of which have been resolved and which are still pending. Plaintiff requests that a district judge assure he receives constitutional protections by the Court.

Plaintiff consented to United States Magistrate Judge jurisdiction on August 11, 2008, and this action is assigned to the undersigned pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California. Therefore, Plaintiff may not seek reconsideration of the Court's orders by a district judge, and his motion is denied. Appendix A(k)(4) of the Local Rules.

III. **Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the denial of his request to file a supplemental complaint, filed April 10, 2009, is DENIED; and
2. Plaintiff's motion for reconsideration by a district judge, filed June 19, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **September 25, 2009**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE