1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   VALENTINE E. UNDERWOOD,                    CASE NO. 1:08-cv-00986-GSA PC

10                          Plaintiff,         ORDER DISMISSING CERTAIN CLAIMS
                                               AND DEFENDANTS
11          v.
                                               (Docs. 1, 25, and 16)
12   M. KNOWLES, et al.,

13                          Defendants.
     _____/

14

15          Plaintiff Valentine E. Underwood, a state prisoner proceeding pro se, filed this civil rights

16   action pursuant to 42 U.S.C. § 1983 on July 17, 2008.  On September 25, 2009, the Court screened

17   Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order finding that the complaint

18   states claims against Defendants Northcutt and Martin for retaliation; and against Defendants

19   Northcutt, Martin, Caviness, Lantz, Trujillo, Truitt, and Fambrough for excessive force, but does not

20   state any other claims under federal law.  Plaintiff was given the option of either filing an amended

21   complaint curing the deficiencies in his claims or notifying the Court of his willingness to proceed

22   only on his cognizable claims.  On October 16, 2009, Plaintiff filed a notice stating his willingness

23   to proceed only on the claims found to be cognizable.

24          Accordingly, based on Plaintiff's notice, it is HEREBY ORDERED that:

25          1.      This action for damages shall proceed on Plaintiff's complaint, filed July 17, 2008,

26                  against Defendants Northcutt and Martin for retaliation, in violation of the First

27                  Amendment; and against Defendants Northcutt, Martin, Caviness, Lantz, Trujillo,

28   ///

1

Truitt, and Fambrough for use of excessive force physical force, in violation of the Eighth Amendment;

2. Plaintiff's Eighth Amendment medical care claims against Defendants Ethridge, Kurtz, and Akano are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

3. Plaintiff's retaliation claims other than the claims against Defendants Northcutt and Martin are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

4. Plaintiff's due process claim arising from the processing and/or handling of his inmates appeals are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

5. Plaintiff's due process claim against Defendant Northcutt arising out of the confiscation of his mail is dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

6. Plaintiff's negligence claim is dismissed, without prejudice, for failure to state a claim upon which relief may be granted;

7. Plaintiff's claims arising out of the disciplinary hearing at which he lost time credits are dismissed, without prejudice, for failure to state a claim upon which relief may be granted;

8. Plaintiff's claims for injunctive and declaratory relief are dismissed for failure to state a claim;

9. Defendants Knowles, Arlitz, Frauenhein, Whitehead, Schroeder, Hart, Caudillo, Playa,[1] Meza, Urbano, Ethridge, Kurtz, Akano, Grannis, Pfeiffer, Flory, Torres, and

///

///

///

---

[1] Also spelled Pelayo in the complaint.  (Doc. 1, Comp., court record pp. 1, 5.)

Chapman are dismissed from this action based on Plaintiff's failure to state any claims against them.

IT IS SO ORDERED.

**Dated:**   **October 21, 2009**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE