UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALENTINE E. UNDERWOOD, | ) | 1:08-cv-00986-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO DISMISS OUT OF TIME (Doc. 53.) |
| v. | ) | |
| | ) | |
| M. KNOWLES, et al., | ) | |
| | ) | ORDER DEEMING MOTION TIMELY FILED |
| Defendants. | ) | (Doc. 54.) |
| | ) | |

Valentine E. Underwood ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 17, 2008. (Doc. 1.) This action now proceeds on the original complaint, against Defendants Northcutt and Martin for retaliation, in violation of the First Amendment; and against Defendants Northcutt, Martin, Caviness, Lantz, Trujillo, Truitt, and Fambrough for use of excessive force physical force, in violation of the Eighth Amendment.[1]

On July 21, 2010, Defendants Lantz, Fambrough, Northcutt, Truitt and Trujillo ("Defendants") filed a motion for leave to file an Unenumerated Rule 12(b) Motion to Dismiss out of time.[2] (Doc. 53.)

---

[1] All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's failure to state a claim. (Doc. 31.)

[2] An Unenumerated Rule 12(b) Motion is a motion to dismiss for failure to exhaust nonjudicial administrative remedies that are not jurisdictional. Fed.R.Civ.P. 12(b); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

1

1  Defendants also submitted their proposed Motion to Dismiss, which was filed by the Clerk of Court on
2  July 21, 2010. (Doc. 54.) On August 9, 2010, Plaintiff filed an opposition to the motion for leave to
3  file out of time. (Doc. 56.)

4        The current deadline for Defendants to file an Unenumerated Rule 12(b) Motion expired on May
5  18, 2010, pursuant to the Court's scheduling order of March 18, 2010. (Doc. 41.) Counsel for
6  Defendants, David Brice, states that he was unable to meet the Court's deadline because he was not
7  employed by the Attorney General's Office until May 19, 2010 and was not assigned this case until
8  shortly thereafter. (Declaration of David Brice, Doc. 53 at 3 ¶2.) Brice explains that upon review of this
9  case, he determined there were grounds to seek dismissal of this action for failure to exhaust
10 administrative remedies. (Id. at 3 ¶3.) However, by that time, the deadline to file a motion to dismiss
11 for failure to exhaust had expired. (Id.) Defendants argue that allowing them to file a motion to dismiss
12 will serve the interests of justice by resulting in the disposition of this case, and Plaintiff will not be
13 prejudiced because the deadlines for conducting discovery and for the filing of dispositive motions will
14 not expire until November 18, 2010 and January 25, 2011, respectively.

15       In opposition, Plaintiff argues that Defendants were advised on March 18, 2010 of the deadline
16 for filing an Unenumerated Rule 12(b) Motion, and they had ample time to file such motion. Plaintiff
17 asserts that he has complied with the deadlines in the Court's scheduling order, and Defendants should
18 be held to the same deadlines.

19       The Court finds good cause to grant Defendants' motion. A court may modify a scheduling order
20 for good cause. Fed.R.Civ.P 16(b)(4). This good cause standard "primarily considers the diligence of
21 the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
22 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the
23 diligence of the party seeking the extension.'" Id. Defendants have demonstrated that it was impossible
24 for their present counsel to meet the pretrial schedule. Moreover, resolution of the exhaustion issue well
25 before trial serves the interests of judicial economy and comports with the court's inherent power to
26 control its docket. United States v. W. R. Grace, 526 F.3d 499, 509 (9th Cir. 2008) (quoting Atchison,
27 Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original)

28

(internal quotation marks omitted).  It is well established by the Prison Litigation Reform Act of 1995 ("PLRA") that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Therefore, Defendants' motion for leave to file their motion out of time shall be granted.

  Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1.  Defendants' motion for leave to file an Unenumerated Rule 12(b) Motion out of time is GRANTED; and

2.  Defendants' Motion to Dismiss, filed July 21, 2010, is deemed timely filed.

 IT IS SO ORDERED.

**Dated:**   **September 3, 2010**      /s/ **Gary S. Austin**
                     UNITED STATES MAGISTRATE JUDGE

3