# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR MARSHAL TO LOCATE AND SERVE DEFENDANTS CAVINESS AND MARTIN (Doc. 44.) |
| v. | |
| M. KNOWLES, et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFF TO SERVE COMPLAINT ON DEFENDANTS CAVINESS AND MARTIN WITHIN ONE-HUNDRED TWENTY DAYS |

**I.    Background**

Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 17, 2008. (Doc. 1.) Plaintiff paid the filing fee for this action on July 17, 2008, and therefore is not proceeding in forma pauperis. This case now proceeds on the original Complaint, against Defendants M. Northcutt, D. Caviness, A. Trujillo, P. Truitt, J. Fambrough, S. Lantz, and S. Martin.[1]

On April 1, 2010, Plaintiff filed a request for the United States Marshal to locate and serve Defendants Caviness and Martin. (Doc. 44.)

///

---

[1] All other claims and Defendants were dismissed from this action by the Court on October 21, 2009. (Doc. 31.)

1

## II. Plaintiff's Motion for Marshal to Serve Defendants Caviness and Martin

Plaintiff requests a court order directing the United States Marshal to initiate further service upon Defendants Caviness and Martin. All of the Defendants in this action have been successfully served and have appeared in this action, except Caviness and Martin. (Docs. 35, 36, 39, 40.) On November 25, 2009, the Court issued an order directing the United States Marshal to initiate service of process upon Defendants in this action. (Doc. 34.) On February 1, 2010, the Marshal filed returns of service unexecuted as to Defendants Caviness and Martin, with notation that the Marshal was unable to locate these two Defendants. (Docs. 35, 36.)

The Marshal is not responsible for further service upon Defendants Caviness and Martin in this action, because Plaintiff is not proceeding in forma pauperis. Plaintiff paid the filing fee for this action on July 17, 2008. (Court Docket.) Plaintiff is therefore responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's motion for service by the Marshal shall be denied, and Plaintiff shall now be instructed on how to serve these Defendants himself.

## III. Instructions on Completing Service

Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process upon Defendants Caviness and Martin and file proof thereof with the Court within one-hundred twenty days. Fed.R.Civ.P. 4(m). The following two sections contain instructions on how to serve Defendants.

### A. Waiver of Service

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed.R.Civ.P. 4(d)(1). If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the Complaint, and (4) a copy of this order. The documents must be addressed directly to each Defendant (not the Attorney General's Office or any other governmental entity), and the documents must be sent by first-class mail or other reliable means. Id. The Waiver of Service of

1  Summons form must set forth the date on which the request is sent and must allow each
2  Defendant at least thirty days to return the waiver to Plaintiff.  If Defendants sign and return the
3  waiver forms to Plaintiff, Plaintiff must then file the forms with the Court.  After filing the forms
4  with the Court, Plaintiff does not need to do anything further to serve Defendants. Fed.R.Civ.P.
5  4(d)(4).

6  **B.  Personal Service**

7  Plaintiff must effect personal service on any Defendants whom Plaintiff does not request
8  to waive service and on any Defendants who are requested to waive service but fail to return the
9  Waiver of Service of Summons form to Plaintiff.  In either situation, the summons, a copy of the
10 Complaint, and a copy of this order must be personally served on each Defendant (not the
11 Attorney General's Office or any other governmental entity).  Plaintiff may not effect personal
12 service himself.  Fed.R.Civ.P. 4(c)(2).  Service may be effected by any person who is not a party
13 to this action and who is at least eighteen years old.  Id.  Plaintiff should review Rule 4(e),
14 provided with this order, as it more fully addresses how personal service is effected.

15 **IV.  Order**

16 In accordance with the above, it is HEREBY ORDERED that:

17 1.  Plaintiff's motion for the Marshal to serve Defendants Caviness and Martin, filed
18     on April 1, 2010, is DENIED;
19 2.  The Clerk of the Court shall issue and send Plaintiff two (2) summonses, and shall
20     send Plaintiff one copy of the following documents:
21     a)  Complaint filed on July 17, 2008;
22     b)  "Notice of Lawsuit and Request for Waiver of Service of Summons;"
23     c)  "Waiver of Service;" and
24     d)  Rule 4 of the Federal Rules of Civil Procedure;
25 3.  Plaintiff shall complete service of process on the following Defendants within
26     **one-hundred twenty (120) days** from the date of service of this order:
27     **C/O D. Caviness**
28     **C/O S. Martin**

3

4. Unless good cause is shown, Plaintiff's failure to complete service of process on Defendants Caviness and Martin and to file proof thereof with the Court within one-hundred twenty days will result in dismissal of Defendants Caviness and Martin from this action; and

5. Plaintiff's failure to comply with this order shall result in dismissal of this action.

IT IS SO ORDERED.

Dated:   September 14, 2010                    /s/ Gary S. Austin
                                           UNITED STATES MAGISTRATE JUDGE