# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-GSA-PC |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 65.) |
| v. | |
| M. KNOWLES, et al., | ORDER VACATING IN PART COURT'S ORDER OF SEPTEMBER 16, 2010 (Doc. 59.) |
| Defendants. | |
| | ORDER GRANTING PLAINTIFF'S REQUEST FOR ASSISTANCE BY THE UNITED STATES MARSHAL FOR SERVICE OF PROCESS |
| | ORDER REQUIRING PLAINTIFF TO PROVIDE INFORMATION TO ENABLE SERVICE OF PROCESS UPON DEFENDANTS CAVINESS AND MARTIN |
| | THIRTY DAY DEADLINE |

**I.   BACKGROUND**

Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 17, 2008. (Doc. 1.) Plaintiff paid the filing fee for this action on July 17, 2008, and as a result is not proceeding in forma pauperis. This case now proceeds on the original Complaint, against Defendants M. Northcutt, D. Caviness, A. Trujillo, P. Truitt, J. Fambrough, S. Lantz, and S. Martin.[1]

---

[1] All other claims and defendants were dismissed from this action by the Court on October 21, 2009. (Doc. 31.)

On November 25, 2009, the Court issued an order directing the United States Marshal to serve process upon defendants. (Doc. 34.)  All of the defendants were successfully served and have appeared in this action, except defendants Caviness and Martin. (Docs. 39, 40.)  On February 1, 2010, the Marshal filed returns of service unexecuted as to defendants Caviness and Martin. (Docs. 35, 36.)  On April 1, 2010, Plaintiff filed a motion for the Court to direct the Marshal to re-attempt service upon defendants Caviness and Martin. (Doc. 44.)  On September 16, 2010, in light of the fact that Plaintiff is not proceeding in forma pauperis, the Court issued an order for Plaintiff to attempt service of process upon defendants Caviness and Martin himself, within one-hundred twenty days. (Doc. 59.)  The Court provided Plaintiff with instructions on serving defendants and the necessary forms. On October 18, 2010, Plaintiff submitted an application to proceed in forma pauperis, together with a request for assistance by the United States Marshal to serve process upon defendants Caviness and Martin. (Doc. 65.)

**II.     INDIGENCE, IN FORMA PAUPERIS STATUS, AND SERVICE**

Under 28 U.S.C. § 1915, the court may authorize a party to proceed in forma pauperis, or without prepayment of fees, in an action or proceeding, if the party submits an affidavit showing the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1).  If such authorization is granted, the court may direct payment by the United States of certain expenses, and the United States Marshal is directed to serve all process in the case. 28 U.S.C. § 1915(c), (d).  If such authorization is denied, the plaintiff is not automatically entitled to have the United States Marshal serve defendants. Fed. R. Civ. P. 4(c)(2).  However, even if a plaintiff is not proceeding in forma pauperis, the court has discretion, at the plaintiff's request, to order that service be made by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

Plaintiff argues he should be granted leave to proceed in forma pauperis, and the United States Marshal should assist him with service of process, because he is unable to afford the costs of personal service upon defendants Caviness and Martin.  Plaintiff also asserts that he does not have the means to request waiver of service by the defendants.  Plaintiff has provided the Court with information about his sources of income and the current balance available in his prison trust account.

## III. DISCUSSION

### A. In Forma Pauperis Status

Plaintiff requests leave to proceed in forma pauperis in this action. Plaintiff paid the filing fee for this action on July 17, 2008 and as a result is not proceeding in forma pauperis. Based on this payment, Plaintiff's application to proceed in forma pauperis is moot and shall be denied.

### B. Assistance of Marshal for Service

Plaintiff requests the assistance of the United States Marshal to re-attempt service upon defendants Caviness and Martin. The Court's order of September 16, 2010, instructed Plaintiff how to serve defendants Caviness and Martin himself. Plaintiff was given the option of requesting that the defendants waive service of the summons which, if waived, would make personal service and the accompanying costs unnecessary. (Doc. 59 at 2-3.) The costs to request waiver of service are minimal, and Plaintiff was provided the necessary forms and instructions by the Court. Plaintiff has not provided any evidence that he made a good faith attempt to request waiver of service. Nonetheless, in light of the fact that this action has been pending for more than two years and Plaintiff appears unable to effect service himself, Plaintiff's request for assistance by the Marshal to serve process shall be granted. Under these circumstances, the Court's order of September 16, 2010 shall be vacated in part, as to its requirement that Plaintiff serve process upon defendants Caviness and Martin himself within one-hundred-twenty days and file evidence of executed service. However, before the Court will direct the Marshal to re-attempt service, Plaintiff must provide further information to enable the Marshal to identify and locate the defendants.

### C. Information to Enable Service

The Marshal's return of service as to defendant Martin noted that Kern Valley State Prison ("KVSP") found no record that C/O S. Martin was employed there, and the CDC Locator's database contained multiple entries for persons named S. Martin. (Doc. 35.) The Marshal's return of service as to defendant Caviness noted that KVSP found no record that C/O D. Caviness was employed there, and the CDC Locator had no record under that name. (Doc.

3

36.) At this juncture, the Court is prepared to issue an order directing the Marshal to make another attempt to serve process on defendants Caviness and Martin. However, for service to be successful, the Marshal and the CDCR must be able to identify and locate the defendants. Plaintiff has identified the defendants as Correctional Officers D. Caviness and S. Martin. Before the court will issue another service order, Plaintiff must provide the full names and current addresses of these two defendants. If Plaintiff is unable to provide full names, he must provide alternate information – such as a partial name, title, gender, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendants for service. If Plaintiff is unable to provide current addresses for these defendants, he must at least provide last-known addresses and any other available information to enable the Marshal to locate the defendants. Plaintiff is cautioned that service cannot go forward unless he provides enough information, and unsuccessful service may result in these defendants being dismissed from this action. It is Plaintiff's responsibility to identify the defendants named in his complaint. Plaintiff shall be granted thirty days in which to respond to this order with additional information about the unserved defendants.

### III.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is DENIED;
2. The Court's order of September 16, 2010, is VACATED IN PART, as to its requirement that Plaintiff serve process upon defendants Caviness and Martin himself within 120 days and file evidence of executed service;
3. Plaintiff's request for assistance by the United States Marshal to serve process upon defendants Caviness and Martin is GRANTED;
4. Within thirty days from the date of service of this order, Plaintiff shall send a written response to the Court, providing the full names and current addresses of defendants Caviness and Martin for purposes of service in this action;
5. If Plaintiff is unable to provide full names and current addresses, he must supply sufficient alternate information, such as partial names, titles, work assignments,

work schedules, last known addresses, or other similar information to enable the United States Marshal and the CDCR to identify and locate defendants Caviness and Martin for service of process in this action;

6. Plaintiff's failure to provide sufficient information to enable service upon defendants Caviness and/or Martin may result in the dismissal of one or both of these defendants from this action for failure to serve process;

7. Plaintiff's failure to comply with this order shall result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   October 21, 2010               /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE