# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-GSA PC |
| Plaintiff, | ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS NOT BEEN TRIGGERED BY FILING OF NOTICE DUE TO SERVICE DEFICIENCY |
| v. | |
| M. KNOWLES, et al., | |
| Defendants. | (Doc. 72.) |

Plaintiff Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se in this civil action. On December 7, 2010, defendant S. Lanz's attorney filed a notice of Lanz's death on the record. (Doc. 72.)

Rule 25(a)(1) provides for the dismissal of defendant Lanz from this action if a motion for substitution is not made within ninety days after service of a statement noting Lanz's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute,

Fed. R. Civ. P. 25(a)(3).  Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.  Fed. R. Civ. P. 25(a)(3); Barlow v. Ground, 39 F.3d at 232-234.  Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served.  Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471 (2d Cir. 1998).

The parties are HEREBY NOTIFIED that the ninety-day period has not been triggered by the notice because there is no declaration of service or other proof reflecting that there was proper service of the notice on defendant Lanz's successor or representative as provided by Rule 4.

IT IS SO ORDERED.

Dated:   **December 15, 2010**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE