# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| M. KNOWLES, et al., | (Docs. 48, 52.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.  BACKGROUND**

Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's original complaint, filed July 17, 2008, against defendants Northcutt and Martin for retaliation in violation of the First Amendment, and against defendants Northcutt, Martin, Caviness, Lantz, Trujullo, Truitt, and Fambrough for use of excessive force in violation of the Eighth Amendment.[1]

On April 21, 2010, and July 6, 2010, Plaintiff filed motions for preliminary injunction, which are now before the Court. (Docs. 48, 52.)

**. II.  PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

---

[1] All other claims and defendants were dismissed by the Court on October 21, 2009. (Doc. 31.)

1

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

## III.  DISCUSSION

Plaintiff seeks the issuance of preliminary injunctions directing prison officials to allow him access to the law library to enable him to meet court deadlines in this action. (Docs. 48, 52.) This action proceeds on Plaintiff's claims for excessive force and retaliation based on events allegedly occurring in 2006 and 2007 while Plaintiff was housed at Kern Valley State Prison in Delano, California, and the California Correctional Institution in Tehachapi, California. (Doc. 1.) Plaintiff is now incarcerated at Pelican Bay State Prison in Crescent City, California. The case or controversy requirement cannot be met in light of the fact that Plaintiff's issue concerning present access to the law library bears no relation, jurisdictionally, to the past events giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Id. The only relief available to Plaintiff in this action, should he prevail, is money damages for the past violation of his

constitutional rights while housed at Kern Valley State Prison and the California Correctional Institution in 2006 and 2007.

### IV. RECOMMENDATION AND CONCLUSION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Plaintiff's motions for preliminary injunction, filed on April 21, 2010, and July 6, 2010, be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 17, 2010**        /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3