1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   VALENTINE E. UNDERWOOD,              1:08-cv-00986-AWI-GSA-PC

11              Plaintiff,                ORDER REGARDING FINDINGS
                                          AND RECOMMENDATIONS
12        vs.                             (Doc. 79.)

13   M. KNOWLES, et al.,                  ORDER DENYING DEFENDANTS'
                                          MOTION TO DISMISS
14              Defendants.               (Doc. 54.)

15   _____/

16              Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se in this civil

17   rights action pursuant to 42 U.S.C. § 1983.   The complaint alleges that on November 21, 2006,

18   Defendants Northcutt and Martin, along with  Defendants Caviness, Lantz, Trujillo, Truitt, and

19   Fambrough, pepper sprayed Plaintiff, hit Plaintiff in the face with the pepper spray can, struck

20   Plaintiff repeatedly with a baton, and kicked and punched Plaintiff.    Defendants contend that

21   Plaintiff has not exhausted his allegations as required by 42 U.S.C. § 1997e(a), Booth v. Churner,

22   532 U.S. 731, 741 (2001), and Woodford v. Ngo, 548 U.S. 81, 90 (2006). The matter was referred to

23   a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24              On January 12, 2011, the Magistrate Judge issued Findings and Recommendations

25   that recommended Defendants' motion to dismiss for failure to exhaust remedies, filed on July 21,

26   2010, be granted, and this action be dismissed without prejudice.  (Doc. 79.)  On February 3, 2011,

27   Plaintiff filed objections to the Findings and Recommendations.  (Doc. 83.)

28                                               1

1          In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304,

2    this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

3    including Plaintiff's objections, the court has determined that this action cannot be dismissed at this

4    time for Plaintiff's failure to exhaust administrative remedies.

5          In his opposition to Defendants' motion and in the objections, Plaintiff concedes he

6    did not complete the inmate appeals process to the Director's Level.   However, Plaintiff argues and

7    presents evidence that he was prevented from appealing because of prison officials' interference.

8    Of relevance to the outcome of the pending motion, Plaintiff alleges the following.

9
10         Plaintiff argues that he submitted a timely appeal concerning the excessive force incident of November 21, 2006, but it was ignored by prison officials and he never received a response.

11         Plaintiff asserts that on or about November 29, 2006, he submitted an appeal concerning the excessive force incident giving rise to this action, but prison officials failed to process and respond to his appeal. (Cmp., Doc. 1 at 20 ¶21; Decl. of Underwood, Doc. 61 at 17 ¶4.) Plaintiff voiced his concerns about his appeals not being processed and was instructed to give the appeal to Officer Forte who would then give it to Lieutenant Hurley. (Cmp., Doc. 1 at 20 ¶21.) On or about December 4, 2006, Officer Forte told Plaintiff he gave the appeal to Lieutenant Hurley to submit to the Appeals Coordinator. (Decl. Of Underwood, Doc 61 at 17 ¶3.) On December 11, 2006, Plaintiff inquired to the Appeals Coordinator in writing about the appeal. (Cmp., Doc. 1 at 19 ¶13.) On or about December 13, 2006, Captain Frauenheim told Plaintiff he received the appeal from the Appeals Coordinator. (Decl. Of Underwood, Doc 61 at 17 ¶5; Cmp., Doc. 1 at 20 ¶22.) Plaintiff asked Captain Frauenheim about the appeal several times, and Frauenheim stated it was being taken care of. (Decl. Of Underwood, Doc 61 at 17 ¶6.) On December 26, 2006, Plaintiff sent legal mail to the Office of Internal Affairs, California Prison Focus, and The Prison Law Office, asking for assistance with the appeal. (Cmp., Doc. 1 at 20 ¶24, Exh. 26.) On December 27, 2006, Plaintiff wrote to the Center for Constitutional Rights via legal mail explaining his situation and asking for assistance. (Cmp., Doc. 1 at 20 ¶25, Exh. 26.) Plaintiff never received a response to this appeal. (Decl. of Underwood, Doc. 61 at 17 ¶7.)

      Plaintiff claims he inquired about this appeal many times. He submits a copy of a medical appeal dated December 29, 2006, in which he inquired about the excessive force appeal and its whereabouts, stating, "I'm very much concern [sic] with a 602 I gave to C/O Forte ASUI who assured me he gave it to ASI Lieutenant Hurley. I was told by committee to give it 602 to Lieutenant Hurley. The 602 in question is in reference to a physical altercation with D-yard staff on 11-21-06." (Opposition, Exh. 1 at 5.) He also submits a copy of a letter to the Chief of Inmate Appeals, in which he inquired about the appeal concerning the November 21, 2006 incident, "Please also inquire about a 602 I wrote on a incident in which I was beat up by CO's. It accured [sic] on 11/21/06. I've wrote the Appeals Coordinator asking them if they've received it several times only to receive no response." (Opposition, Exh. 2 at 5.) He also submits a copy of an appeal dated January 30, 2007 concerning C/O Johnson's behavior, in which he inquired about the excessive force appeal, declaring under penalty of perjury, "Staff had beat me, kicked me, bite me to point of me needing my head, hand and ribs x-rayed! I also was given a tetanus shot &

2

1    antibiotic for the bite wound on my right hand. This incident accured [sic] on
2    11/21/06. There is a 602 pending which was submitted on December 4, 2006 to ASUI
     Lt. Hurley on that incident." (Opposition, Exh. 3 at 8.) He also submits a copy of an
3    appeal concerning RVR violations in which he makes a statement dated June 24,
     2007 about CCII Pfeiffer, "Also, he didn't review the 602 I submitted on the incident
     which Captain Frauenheim has!" (Opposition, Exh. 4 at 2 ¶H.)

4

5    January 12, 2011 Findings and Recommendations at 6-7 (Document #79).   In addition to these

6    allegations, Plaintiff also alleges, and the Magistrate Judge considered, steps Plaintiff took to exhaust

7    once he was transferred from Kern Valley State Prison ("KVSP") to California Correctional

8    Institution at Tehachapi ("CCI").

9            Plaintiff argues that the appeal he filed at CCI, after he was transferred there,
             addressed the excessive force incident at KVSP and should have been processed
10           instead of being rejected as untimely.
             On July 30, 2007, after he was transferred to CCI, Plaintiff submitted an
11   appeal concerning the excessive force incident of November 21, 2006. (Cmp., Doc 1,
     Exh. 31; Oppn., Exh 8.) In the appeal, Plaintiff claimed he was re-submitting a prior
12   appeal he submitted on or about November 29, 2006, to which he never received a
     response. Id. The July 30, 2007 appeal was screened out by the Appeals Coordinator
13   on August 9, 2007 as untimely, and he was informed that if he would like to pursue
     the matter further, he must submit an explanation and supporting documentation
14   explaining why he did not or could not file the appeal timely. Id. On September 26,
     2007, Plaintiff appealed the decision to the Director of Appeals in Sacramento. Id..
15   On November 7, 2007, Plaintiff received a response from N. Grannis, Chief of the
     Inmate Appeals Branch, informing Plaintiff that he must contact the Appeals
16   Coordinator if he disagreed with the decision about his appeal. Id.

17   January 12, 2011 Findings and Recommendations at 9 (Document #79).

18           The issue in this action is whether the steps Plaintiff took to appeal the excessive

19   force incident are sufficient.   Defendants and the Magistrate Judge combined Plaintiff's attempts to

20   appeal at KVSP and CCI and found Plaintiff did not fully exhaust because Plaintiff did not follow

21   instructions in the CCI appeal response that stated Plaintiff was to contact the appeals coordinator if

22   Plaintiff disagreed with CCI's decision.

23           The Ninth Circuit has held that a prisoner's failure to timely exhaust his

24   administrative remedies is excused when a prisoner takes reasonable and appropriate steps to exhaust

25   his administrative remedies but was precluded from exhausting not through fault of his own, but by a

26   prison official's mistake.  Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).   The inmate in

27   Nunez filed his informal and formal complaints with the warden within the time period required by

28
                                             3

1  the administrative rules.  Id. at 1224-25.   The warden provided the inmate with an incorrect legal

2  citation that was "restricted" from inmates and thus could not timely be obtained by the inmate

3  despite his "reasonable and appropriate steps to obtain it."   Id. at 1225.   After several months of

4  unsuccessful attempts to obtain the regulation, Nunez filed the next level appeal.  The Ninth Circuit

5  excused the inmate's failure to timely exhaust because he "took reasonable and appropriate steps to

6  exhaust his [claim] and was precluded from exhausting, not through his own fault but by the

7  Warden's mistake."  Nunez, 591 F.3d at 1224.

8          In Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010), the Ninth Circuit held that

9  "improper screening of an inmate's administrative grievances renders administrative remedies

10  'effectively unavailable' such that exhaustion is not required under the PLRA."  Id. at 823.   To show

11  the appeal process is "unavailable", the inmate must establish (1) that he actually filed a grievance or

12  grievances that, if pursued through all levels of administrative appeals, would have sufficed to

13  exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his

14  grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.  Id. at

15  823-24.

16          Plaintiff's evidence shows that he gave a timely written appeal to Officer Forte as he

17  had been instructed to do.   This appeal concerned the excessive force incident at issue in this action.

18  Plaintiff's evidence reveals that Officer Forte gave the appeal to Lieutenant Hurley.   Plaintiff was

19  later told the appeal had been submitted to the Appeals Coordinator, Captain Frauenheim had

20  received the appeal, and the appeal was being "taken care of".   Plaintiff verbally asked about the

21  appeal.   He also asked for information about the appeal in writing, and reminded prison officials

22  about the appeal.    Plaintiff's evidence shows that Plaintiff did everything he was asked to do

23  regarding his appeal while at KVSP.   While it is not entirely clear why Captain Frauenheim did not

24  respond to the appeal or why the appeal was never formally processed, prison officials

25  misinformation about how to appeal excuses Plaintiff's failure to continue with his appeal to the

26  Director's Level.   Plaintiff's evidence shows that Plaintiff's appeal was not properly processed and

27  responded to.   Thus, based on the arguments and evidence currently before the court, Plaintiff's

28

4

1    failure to exhaust is excused.

2            Defendants maintain that Plaintiff did not do enough to obtain review of his grievance

3    because Plaintiff did not continue to appeal the excessive force incident once he was moved to CCI.

4    Plaintiff did file an appeal at CCI about the excessive force incident at KVSP.   This appeal was

5    screened out as untimely, and Plaintiff was informed that he needed to submit an explanation and

6    supporting documentation on why the appeal was not filed earlier.   The parties agree Plaintiff did

7    not re-submit the appeal at CCI with additional information and documentation.   The court declines

8    to find that Plaintiff needed to continue to appeal the excessive force incident that occurred at KVSP

9    at every subsequent prison to which he was transferred.    Plaintiff did file inquires about his

10   administrative grievance while still at KVSP, a step District Courts have found significant in other

11   cases. See e.g. Newman v. McLean, 2009 WL 688859, at *6 (N.D.Cal. 2009) ("[p]laintiff did not

12   pursue all the remedies that were available since he could have appealed the alleged improper

13   screening out of the inmate appeal as being duplicative but failed to do so"); Smiley v. Martinez,

14   2010 WL 309459, at *3 (N.D.Cal.2010) (plaintiff did not timely challenge the screening out of his

15   appeals based on untimeliness and duplication).   The court finds Plaintiff's bona fide efforts while at

16   KVSP were sufficient, and that further review was "effectively unavailable".  See Nunez, 591 F.3d at

17   1226.

18           The court notes that at this time only Plaintiff has provided evidence concerning the

19   appeal Plaintiff gave to Officer Forte.   If Defendants have conflicting evidence, Defendants may re-

20   file their motion to dismiss and request the court conduct an evidentiary hearing on this issue.

21           Accordingly, THE COURT HEREBY ORDERS that:

22           1.    The court declines to adopt the Findings and Recommendations issued by the

23                 Magistrate Judge on January 12, 2011;

24           2.    Defendants' motion to dismiss, filed on July 21, 2010, is DENIED without

25                 prejudice; and

26

27

28                                                5

1          3.        This action is referred to the Magistrate Judge for further proceedings.

2    IT IS SO ORDERED.

3
Dated:    March 31, 2011    

4                                                     CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          6