UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL AS PREMATURE |
| v. | (Doc. 77.) |
| M. KNOWLES, et al., | |
| Defendants. | |

## I.  BACKGROUND

Valentine E. Underwood ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 17, 2008. (Doc. 1.) This action now proceeds on the original complaint, against Defendants Northcutt and Martin for retaliation, in violation of the First Amendment; and against Defendants Northcutt, Martin, Caviness, Lantz, Trujillo, Truitt, and Fambrough for use of excessive force physical force, in violation of the Eighth Amendment.[1]

The Court issued a Discovery/Scheduling Order on March 18, 2010, commencing the discovery phase in this action and establishing a deadline of November 18, 2010 for completion of discovery,

---

[1] All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's failure to state a claim. (Doc. 31.)

1

including motions to compel. (Doc. 41.)  On July 21, 2010, Defendants filed a motion to dismiss and a motion for extension of time to respond to discovery.  (Docs. 54, 55.)  On September 15, 2010, the Court granted Defendants' motion for extension of time  and extended the discovery deadline to February 28, 2011 for all parties to this action.  (Doc. 58.)  On December 30, 2010, Plaintiff filed a motion to compel Defendants to respond to Plaintiff's interrogatories.  (Doc. 77.)

## II. PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(2)(3).

Plaintiff asserts that he served his First Set of Interrogatories on Defendants on June 29, 2010. Motion, Doc. 77 at 2:3-6.  On September 15, 2010, the Court granted Defendants an extension of time to respond to discovery, and on October 4, 2010, Plaintiff sent a letter to Defendants' counsel requesting Defendants' responses to interrogatories, reminding them that they had forty-five days to respond. Id. at 2:11-27.  As of December 23, 2010, Plaintiff had not received any response to the letter or to the interrogatories.  Id. at 3:4-8.  Plaintiff then filed the present motion to compel on December 30, 2010. Id.

Defendants argue that Plaintiff's motion to compel is premature, because the Court's order of September 15, 2010, granted Defendants an extension of time to respond to discovery until forty-five days after the Court had ruled on Defendants' motion to dismiss.  Opp'n, Doc. 80 at 1:19-25.  As of January 13, 2011, the Court had not ruled on Defendants' motion to dismiss.  Id. at 2:2-3.

Indeed, the Court's order of September 15, 2010 granted Defendants an extension of time to respond to discovery until forty-five days after the Court had ruled on Defendants' motion to dismiss. (Doc. 58 at 2:19-21.)  The Court ruled on Defendants' motion to dismiss on April 1, 2011.  (Doc. 88.) Therefore, Defendants' responses to Plaintiff's interrogatories were not due until forty-five days after April 1, 2011, and Plaintiff's motion to compel of December 30, 2010, is premature and shall be denied as such.

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on December 30, 2010, is DENIED as premature.

IT IS SO ORDERED.

Dated: May 23, 2011

/s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE

3