1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    VALENTINE E. UNDERWOOD,              1:08-cv-00986-AWI-GSA-PC

12                   Plaintiff,            ORDER DENYING MOTION FOR
                                           SUBSTITUTION, WITHOUT PREJUDICE
13         v.                              TO RENEWAL OF THE MOTION
                                           WITHIN THIRTY DAYS
14    M. KNOWLES, et al.,                  (Doc. 82.)

15                   Defendants.           THIRTY DAY DEADLINE
      _____/

16

17    **I.      BACKGROUND**

18         Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se in this civil

19    rights action pursuant to 42 U.S.C. § 1983.  Plaintiff paid the filing fee for this action and is not

20    proceeding in forma pauperis.  Plaintiff filed the complaint commencing this action on July 17,

21    2008.  (Doc. 1.)  This action now proceeds on the original complaint, against defendants

22    Northcutt and Martin for retaliation, in violation of the First Amendment; and against defendants

23    Northcutt, Martin, Caviness, Lantz, Trujillo, Truitt, and Fambrough ("Defendants") for use of

24    excessive force physical force, in violation of the Eighth Amendment.[1]

25         On December 7, 2010, Defendants filed a Statement of Fact of Death, suggesting the

26    death of defendant Seth Lantz during the pendency of this action.  (Doc. 72.)  On December 15,

27    _____

28         [1]All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's
      failure to state a claim.  (Doc. 31.)

                                              1

2010, the Court issued an order notifying the parties that the ninety-day period within which to

file a motion for substitution pursuant to Rule 25(a)(1) had not been triggered, because

Defendants' notice of defendant Lantz's death did not contain a declaration of service or other

proof reflecting that there was proper service of the notice on Lanz's successors or representatives

as provided by Rule 4.  (Doc. 73.)  On January 14, 2011, Plaintiff filed a motion for substitution

pursuant to Rule 25(a)(1).  (Doc. 82.)

II.      RULE 25(a)(1) – MOTION FOR SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> [i]f a party dies and the claim is not thereby extinguished, the court may order
> substitution of the proper parties. The motion for substitution may be made by any
> party or by the successors or representatives of the deceased party and, together
> with the notice of hearing, shall be served on the parties as provided in Rule 5 and
> upon persons not parties in the manner provided in Rule 4 for the service of a
> summons, and may be served in any judicial district. Unless the motion for
> substitution is made not later than 90 days after the death is suggested upon the
> record by service of a statement of the fact of the death as provided herein for the
> service of the motion, the action shall be dismissed as to the deceased party.

Under Rule 25(a)(1), any party may file a motion for substitution, which must be served

on all parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule

4 for the service of a summons.  Thus, parties may be served by service on their attorney, Fed. R.

Civ. P. 5(b), but non-party successors or representatives of the deceased party must be served in

the manner provided by Rule 4 for the service of a summons.  See Barlow v. Ground, 39 F.3d

231, 232-234 (9th Cir. 1994).

Plaintiff requests that "S. Lantz's successors or representatives of his estate be substituted

as an [*sic*] defendant in this matter."  (Motion, Doc. 82 at 1:22-26.)  Plaintiff requests assistance

by the Court and the United States Marshal in identifying and serving the successors or

representatives of defendant Lantz's estate, on the ground that Plaintiff cannot afford the costs.

Plaintiff requests leave to proceed in forma pauperis for purposes of the motion for substitution.

To proceed with a motion for substitution, Plaintiff must provide proof of service of the

motion for substitution upon the other parties to this action and the successors or representatives

of Seth Lantz, as required by Rule 25(a)(1).  Plaintiff is advised that he is responsible for

identifying and finding Seth Lantz's heirs or representatives.   Such assistance is not a function of

2

the United States Marshals Service.  Plaintiff is also responsible to arrange for service of the motion for substitution.  Even if Plaintiff was proceeding in forma pauperis, he would not be entitled to assistance free of charge by the United States Marshal for service of the motion for substitution.

Therefore, Plaintiff's motion for substitution shall be denied, without prejudice to renewal of the motion in compliance with Rule 25(a)(1) within thirty days.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for substitution, filed on January 14, 2011, is DENIED, without prejudice to renewal of the motion within thirty days from the date of service of this order; and

2.     Plaintiff's failure to file a motion for substitution in compliance with Rule 25(a)(1) pursuant to this order shall result in the dismissal of defendant Seth Lantz from this action.

IT IS SO ORDERED.

**Dated:     May 23, 2011                          /s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE