# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-AWI-GSA-PC |
| Plaintiff, | ORDER FOR DEFENDANTS NORTHCUTT, MARTIN, CAVINESS, TRUJILLO, TRUITT AND FAMBROUGH TO RESPOND TO PLAINTIFF'S MOTION TO DISMISS WITHIN THIRTY DAYS |
| v. | |
| M. KNOWLES, et al., | |
| Defendants. | (Doc. 100.) |

**I.   BACKGROUND**

Plaintiff Valentine E. Underwood ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on July 17, 2008.  (Doc. 1.)  This action now proceeds on the original complaint, against defendants Northcutt and Martin for retaliation, in violation of the First Amendment; and against defendants Northcutt, Martin, Caviness, Lantz, Trujillo, Truitt, and Fambrough ("Defendants") for use of excessive force physical force, in violation of the Eighth Amendment.[1]

On December 7, 2010, Defendants filed a Statement of Fact of Death suggesting the death of defendant Seth Lantz.  (Doc. 72.)  On June 10, 2011, plaintiff filed a motion to dismiss defendant Seth Lantz from this action.  (Doc. 100.)

---

[1] All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's failure to state a claim.  (Doc. 31.)

## II. RULE 41

Plaintiff requests that defendant Lantz be dismissed from this action in light of Defendants' statement suggesting defendant Lantz's death. Plaintiff asserts that he does not wish to file a motion under Rule 25 to substitute defendant Lantz's successors in place of defendant Lantz in this action. (Doc. 100.) Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action [against a defendant] without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In this case, defendants Fambrough, Lantz, Northcutt, Truit, and Trujillo filed an answer to the complaint on March 17, 2010, and defendants Martin and Caviness filed an answer to the complaint on April 8, 2011. (Docs. 40, 90.) Therefore, before plaintiff can dismiss defendant Lantz from this action pursuant to Rule 41, defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough must consent in writing to the dismissal. These defendants shall be required to respond in writing to plaintiff's motion to dismiss.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of service of this order, defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough shall respond in writing to plaintiff's motion to dismiss of June 10, 2011, indicating whether they consent to the dismissal of defendant Seth Lantz, or whether they have any reason to oppose the dismissal.

IT IS SO ORDERED.

Dated: **June 14, 2011**      /s/ **Gary S. Austin**
                           UNITED STATES MAGISTRATE JUDGE