# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE UNDERWOOD, | 1:08-cv-00986-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION AS MOOT |
| v. | (Doc. 110.) |
| M. KNOWLES, et al., | ORDER FOR DEFENDANT NORTHCUTT TO RESPOND TO INTERROGATORIES BY OCTOBER 21, 2011, AS INSTRUCTED BY THIS ORDER |
| Defendants. | |

Valentine Underwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on July 17, 2008. (Doc. 1.) The parties have consented to the jurisdiction of a Magistrate Judge within the meaning of 28 U.S.C. § 636(c), and on June 15, 2011, this case was reassigned to the undersigned for all further proceedings, including trial and entry of final judgment. (Doc. 102.) This action is now in the discovery phase. On November 6, 2011, Plaintiff filed a motion for leave to serve additional interrogatories on Defendant Northcutt. (Doc. 110.) On September 20, 2011, Defendant Northcutt filed a response to the motion. (Doc. 111.)

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a). Rule 26(b)(2) provides that "[b]y order, the

1  court may alter the limits in these rules on the number of . . . interrogatories. Fed. R. Civ. P.
2  26(b)(2)(A).

3       Plaintiff requests leave to serve twenty-two additional interrogatories on Defendant
4  Northcutt, pursuant to Rule 26(b)(2). Plaintiff maintains that he was not aware of Rule 33's limit on
5  interrogatories when he served Defendant Northcutt with a Second Set of Interrogatories ("Second
6  Set") consisting of twenty-five interrogatories, after having served a First Set of Interrogatories
7  ("First Set") consisting of twenty-two interrogatories, upon Defendant Northcutt.  Defendant
8  Northcutt answered only three of the twenty-five interrogatories from the Second Set, refusing to
9  respond to the remaining twenty-two interrogatories because, together with Plaintiff's First Set, they
10 exceeded the twenty-five interrogatories allowed by Rule 33. Plaintiff argues that the discovery is
11 necessary to his case.

12      Defendant Northcutt argues that Plaintiff fails to make a particularized showing establishing
13 why he should be allowed to serve additional interrogatories on defendant Northcutt. Nonetheless,
14 Defendant Northcutt indicates that he will respond to Plaintiff's additional interrogatories by October
15 21, 2011.

16      Because Defendant Northcutt has indicated that he will respond to Plaintiff's additional
17 interrogatories by October 21, 2011, the Court shall deny Plaintiff's motion as moot.

18      Therefore, based on the foregoing, IT IS HEREBY ORDERED that:

19     1.    Plaintiff's motion for leave to serve additional interrogatories on Defendant Northcutt
20         is DENIED as moot; and
21     2.    Defendant Northcutt shall respond to Plaintiff's Second Set of Interrogatories,
22         Numbers 4 through 25, on or before October 21, 2011.

24      IT IS SO ORDERED.

25      **Dated:   September 20, 2011**          /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE