# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-AWI-GSA-PC |
| Plaintiff, | ORDER FOR DEFENDANTS NORTHCUTT, MARTIN, CAVINESS, TRUJILLO, FAMBROUGH, AND TRUITT TO RESPOND TO PLAINTIFF'S MOTION TO DISMISS WITHIN THIRTY DAYS |
| v. | |
| M. KNOWLES, et al., | |
| Defendants. | (Doc. 116.) |

**I.   BACKGROUND**

Plaintiff Valentine E. Underwood ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on July 17, 2008. (Doc. 1.) This action now proceeds on the original complaint, against defendants Northcutt and Martin for retaliation, in violation of the First Amendment; and against defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough ("Defendants") for use of excessive force physical force, in violation of the Eighth Amendment.[1]

On November 7, 2011, Plaintiff filed a motion to dismiss defendant Fambrough from this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 116.)

---

[1] On July 18, 2011, the Court dismissed defendant Lantz from this action, via Plaintiff's motion to dismiss pursuant to Rule 41. (Doc. 107.) Other claims and defendants were previously dismissed from this action by the Court on October 21, 2009, based on Plaintiff's failure to state a claim. (Doc. 31.)

1

## II. RULE 41

Plaintiff requests that defendant Fambrough be dismissed from this action pursuant to Rule 41 because Plaintiff lacks evidence to state a claim against defendant Fambrough. Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action [against a defendant] without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In this case, defendants Fambrough, Lantz, Northcutt, Truit, and Trujillo filed an answer to the complaint on March 17, 2010, and defendants Martin and Caviness filed an answer to the complaint on April 8, 2011. (Docs. 40, 90.) Defendant Lantz was dismissed from this action on July 18, 2011. (Doc. 107.) Therefore, before plaintiff can dismiss defendant Fambrough from this action pursuant to Rule 41, defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough must consent in writing to the dismissal. These defendants shall be required to respond in writing to Plaintiff's motion to dismiss.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of service of this order, defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough shall respond in writing to Plaintiff's motion to dismiss of November 7, 2011, indicating whether they consent to the dismissal of defendant J. Fambrough, or whether they have any reason to oppose the dismissal.

IT IS SO ORDERED.

Dated: **November 8, 2011**          /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE