# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | 1:08-cv-00986-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS |
| v. | (Doc. 116.) |
| M. KNOWLES, et al., | ORDER DISMISSING DEFENDANT FAMBROUGH FROM THIS ACTION |
| Defendants. | PURSUANT TO RULE 41 |

**I.   BACKGROUND**

Plaintiff Valentine E. Underwood ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 17, 2008. (Doc. 1.) This action now proceeds on the original Complaint, against defendants Northcutt and Martin for retaliation, in violation of the First Amendment; and against defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough ("Defendants") for use of excessive force physical force, in violation of the Eighth Amendment.[1] The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and on June 15, 2011, this case was reassigned to the undersigned for all further proceedings. (Docs. 4, 97, 102.)

---

[1] Defendant Seth Lantz was dismissed from this action on July 18, 2011, via Plaintiff's motion to dismiss. (Doc. 107.) All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's failure to state a claim. (Doc. 31.)

1

On November 7, 2011, Plaintiff filed a motion to dismiss defendant Fambrough from this action pursuant to Rule 41. (Doc. 116.)  On December 2, 2011, defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough filed a notice of non-opposition to Plaintiff's motion to dismiss. (Doc. 119.)

## II. MOTION TO DISMISS UNDER RULE 41

Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action [against a defendant] without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).  In this case, defendants Fambrough, Northcutt, Truit, and Trujillo filed an answer to the complaint on March 17, 2010, and defendants Martin and Caviness filed an answer to the complaint on April 8, 2011. (Docs. 40, 90.)  Plaintiff's motion and the written non-opposition of defendants Northcutt, Martin, Caviness, Trujillo, Truitt, and Fambrough act as a stipulation of dismissal signed by all parties who have appeared.  Therefore, Plaintiff's motion to dismiss shall be granted, and defendant Fambrough shall be dismissed from this action under Rule 41.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss, filed on November 7, 2011, is GRANTED;
2. Defendant Fambrough is DISMISSED from this action under Rule 41; and
3. The Clerk is DIRECTED to reflect the dismissal of defendant Fambrough from this action on the court's docket.

IT IS SO ORDERED.

Dated:   **December 8, 2011**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2