UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALENTINE UNDERWOOD, | ) | 1:08-cv-00986-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | PLAINTIFF'S MOTION TO COMPEL |
| vs. | ) | (Docs. 108, also resolves Doc. 118.) |
| | ) | |
| W. J. SULLIVAN, et al., | ) | ORDER FOR DEFENDANTS |
| | ) | NORTHCUTT, TRUITT, AND TRUJILLO |
| | ) | TO RESPOND TO PLAINTIFF'S |
| | ) | INTERROGATORY NO. 9 WITHIN 45 |
| Defendants. | ) | DAYS |
| | ) | |

I.    **RELEVANT PROCEDURAL HISTORY**

Valentine Underwood ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 17, 2008. (Doc. 1.) This action now proceeds on the original Complaint, against defendants Correctional Officer ("C/O") M. Northcutt and C/O S. Martin for retaliation, in violation of the First Amendment; and against defendants C/O M. Northcutt, C/O S. Martin, C/O D. Caviness, C/O A. Trujillo, and C/O P. Truitt, ("Defendants") for use of excessive force, in violation of the Eighth Amendment.[1] The

---

[1] Defendant Seth Lantz was dismissed from this action on July 18, 2011, via Plaintiff's motion to dismiss. (Doc. 107.) Defendant J. Fambrough was dismissed from this action on December 9, 2011, via Plaintiff's motion to dismiss. (Doc. 121.) All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's failure to state a claim. (Doc. 31.)

1

parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and on June 15, 2011, this case was reassigned to the undersigned for all further proceedings. (Docs. 4, 97, 102.)

On April 11, 2011, the Court issued a Discovery/Scheduling Order establishing a deadline of December 11, 2011, for the parties to complete discovery, including motions to compel. (Doc. 91.) On August 24, 2011, Plaintiff filed a motion to compel. (Doc. 108.) On September 6, 2011, Defendant filed an opposition. (Doc. 109.) On October 11, 2011, Plaintiff filed a reply. (Doc. 115.) Plaintiff's motion to compel is now before the Court.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS[2]

Plaintiff's allegations arise from incidents that occurred while he was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, and the California Correctional Institution ("CCI") in Tehachapi, California.

Plaintiff alleges that on November 21, 2006, defendants C/O Northcutt and C/O Martin approached him because they wanted to know why Plaintiff had been talking to Lieutenant Whitehead the previous day. Plaintiff told Northcutt and Martin that he told Whitehead he was having difficulty with some of the officers, including Northcutt and Martin, since filing an inmate appeal against C/O Hart. Northcutt then pepper sprayed Plaintiff and hit him in the face with the pepper spray can. Martin struck Plaintiff repeatedly with his baton. Plaintiff tried to hit back, and then lay down on the floor on his stomach. Northcutt and Martin continued to kick and punch Plaintiff. Plaintiff alleges that defendants Caviness, Trujillo, and Truitt also kicked and struck him. Plaintiff was pepper sprayed again, had a bag pulled over his head, and was then handcuffed.

Lieutenant Whitehead instructed two officers to escort Plaintiff to the clinic, where Dr. Dileo had Plaintiff's head, left hand, and ribs x-rayed. Dr. Dileo also cleaned the bite wound on Plaintiff's right hand, gave him a tetanus shot, and sutured the area above Plaintiff's right eye. Dr. Dileo gave Plaintiff some painkillers and a vest to wear over his rib area. Plaintiff alleges that he also had a swollen left hand, fingers and wrist; lumps all over his head; scratches and abrasions on his lower

---

[2]This summary contains allegations from Plaintiff's Complaint against defendants Northcutt, Martin, Caviness, Trujillo, and Truitt, and background information, upon which this action now proceeds.

back; and bruises all over his body. He also bled from the cut above his right eye, from his nose, and from his right hand. Plaintiff alleges that he suffered from blurred vision, lower back pain, and nose bleeds as a result of the assault.

Plaintiff alleges that for several days after November 24 or 25, he asked for medical care because his injuries caused him pain and received painkillers on November 29, 2006. Plaintiff was seen by Dr. Akano on December 13, 2006, and he told Dr. Akano that he was suffering from blurred vision and lower back pain, and that the bite on his right hand had become infected. Dr. Akano prescribed painkillers and a cream. Plaintiff continued to seek additional medical care. On January 31, 2007, Dr. Akano prescribed Plaintiff painkillers for his lower back pain, and ordered another x-ray of Plaintiff's back. On February 6, 2007, Plaintiff had his lower back x-rayed.

Plaintiff alleges that defendant Northcutt confiscated his mail out of retaliation. On February 4, 2007, Plaintiff filed an inmate appeal after having his incoming and outgoing mail disappear, and after finding that defendant Northcutt had been reassigned to the mail room after the November 21, 2006, incident.

On March 13, 2007, Plaintiff was transferred to CCI. After Plaintiff arrived at CCI, he was referred to a nerve specialist for the bite on his right hand, an orthopedic surgeon for injuries to his right hand and right elbow, and for physical therapy for lower back pain.

**Excessive Force Claim**

Plaintiff brings an excessive force claim against defendants Northcutt, Martin, Caviness, Trujillo, and Truitt. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every

malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

**Retaliation Claim**

Plaintiff brings a retaliation claim against defendants Northcutt and Martin. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**III.   MOTION TO COMPEL**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). Pursuant to Rule 33, an

interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### A. Plaintiff's Motion

Plaintiff seeks an order compelling defendants Northcutt, Truitt, Trujillo, Caviness, and Martin to respond further to Interrogatories Nos. 9 and 16 of his first set of Interrogatories.[3] The Court shall address each interrogatory in turn.

**INTERROGATORY NO. 9:**

> "Please describe in as much detail as possible the complete circumstances surrounding all the other instances in which you have been involved in an incident in which the use of force was applied while employed for CDCR. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of force."

///

---

[3] In his motion, Plaintiff also seeks further responses from defendant Fambrough; however, defendant Fambrough was dismissed from this action since Plaintiff filed his motion.

5

**RESPONSE TO INTERROGATORY NO. 9:**

"Defendants object to this interrogatory on the grounds that it is overly broad, not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, assumes facts not in evidence, seeks to invade Defendants' and other inmates' privacy, requests confidential information the disclosure of which would create a hazard to the safety and security of the institution, is compound, and harassing. Based upon these objections, Defendants will not answer this interrogatory."

**Parties' Positions**

Plaintiff seeks to compel Defendants to respond to Interrogatory No. 9. Plaintiff asserts that he attempted to resolve this dispute with Defendants' counsel ("Counsel") prior to submitting this motion to compel. Plaintiff provides a copy of a letter dated June 16, 2011 and directed to Counsel, in which Plaintiff argues that the information requested in Interrogatory No. 9 is relevant pursuant to Rule 26(b)(1) which states, "A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard." (Motion, Doc. 108 at 4; Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2000 Amendment.) With respect to Defendants' objections based on privacy and confidentiality, Plaintiff suggests that Defendant could "blackout [*sic*] inmates and CDCR staff addresses, phone numbers and other personal information you deem would creat [*sic*] a hazard to their safety and security." Id. at 4-5.

Defendants argue that they properly objected to Interrogatory No. 9 because employee personnel files are confidential, and "opening [] such files to a plaintiff for a general search [] could reach well beyond the legitimate inquiries necessary." (Opp'n, Doc. 109 at 2:8-10; citing Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991.) Defendants also cite privacy rights under federal common law and California statutes. Defendants also argue that Interrogatory No. 9 is overly broad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, assumes facts in evidence, is compound, and harassing.

///

Plaintiff replies that Sanchez v. City of Santa Ana is not applicable to Interrogatory No. 9, because Plaintiff cannot obtain the requested information from a different source, and Plaintiff is not requesting access to employees' personnel files. Plaintiff argues that under Rule 402 of the Federal Rules of Evidence, Defendants' prior incidents of excessive force are discoverable because they are relevant to the excessive force allegations in this action. Plaintiff also argues that disclosure of the information requested will not create a hazard if Defendants black out the personal information.

**Discussion**

In cases such as Plaintiff's, which proceed against prison officials on a claim of excessive force, the Court allows discovery of records of other claims of excessive force against named defendants in the past. While evidence of wrongs are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible for other purposes, and here, the Court finds that the information requested by Plaintiff is relevant to his claims. Fed. R. Evid. 404(b).

Defendants argue that the information sought by Plaintiff is private, because information from personnel files is confidential under common law and California statutes. However, federal courts are not governed by California statutes. "Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625 (1989) (quoting Federal Rule of Evidence 501). Despite claims of privilege, personnel files are discoverable in federal question cases. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir.1987) (citations omitted). While this Court may give some weight to privacy rights protected by state statutes, the "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987). Plaintiff asserts that he does not seek access to Defendants' personnel files, but only seeks information from Defendants about their past incidents of use of force and any resulting disciplinary action against them. The Court finds that in Plaintiff's case, the

probative value of such relevant evidence outweighs the danger of unfair prejudice to Defendants. Fed. R. Evid. 403. Thus, Defendants' objections shall be overruled, and Plaintiff's motion to compel a response to Interrogatory No. 9 shall be granted. Within forty-five days, defendants Northcutt, Truitt, and Trujillo shall provide responses to Plaintiff's Interrogatory No. 9. Defendants Caviness and Martin, however, shall not be required to provide responses, as Plaintiff did not request responses from them when he served the first set of Interrogatories.[4]

**INTERROGATORY NO. 16:**

> "Identify any documents related to any Complaint, grievance, criticism, censure, reprimand or rebuke directed towards the defendants prior to or subsequent to the incident giving rise to this proceeding."

**RESPONSE TO INTERROGATORY NO. 16:**

> "Defendants object to this interrogatory on the grounds that it is overly broad, vague, and ambiguous in its entirety, not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, assumes facts not in evidence, seeks to invade Defendants' and other inmates' privacy, requests confidential information the disclosure of which would create a hazard to the safety and security of the institution. Without waiving these objections, and assuming this interrogatory is asking Defendants to identify all documents Defendants received regarding the November 21, 2006 incident, Defendants respond as follows: Appeal log no. KVSP-07-0057."

**Parties' Positions**

Plaintiff argues that Defendants' response to Interrogatory No. 9 is incomplete, and should be treated as a failure to respond under Federal Rule of Civil Procedure 37(a)(4).

Defendants argue that their answer to Interrogatory No. 16 is complete. Defendants maintain that they have fully answered the interrogatory, notwithstanding their objections, based upon their personal knowledge and the information available to them, and they informed Plaintiff that they had no additional information.

Plaintiff argues that Defendants are evasive in refusing to answer the question as asked. Plaintiff asserts that the interrogatory does not ask Defendants to identify all documents they received

---

[4]Plaintiff's first set of Interrogatories, dated June 29, 2010, was directed only to defendants Fambrough, Lantz, Northcutt, Truitt, and Trujillo. (Doc. 115 at 7.)

regarding the November 21, 2006 incident, but rather requests information about Defendants' retaliation against Plaintiff's witnesses to the incident. Plaintiff seeks to "establish a pattern of Defendants violating inmates constitutional rights" through "bias [and] racist and retaliatory acts prior to and subsequent to the incident giv[ing] rise to this matter." (Reply, Doc. 115 at 5.)

**Discussion**

Defendants have adequately responded to Interrogatory No. 16 as stated. Plaintiff cannot expect Defendants to guess that "documents related to any Complaint, grievance, criticism, censure, reprimand or rebuke directed towards the defendants" refers to information about retaliation against Plaintiff's witnesses. Defendants' objections that the interrogatory is overly broad, vague, and ambiguous are sustained. Moreover, information about retaliation is not relevant to Plaintiff's claims for excessive force against defendants Northcutt, Truitt, and Trujillo.[5] Therefore, none of the defendants are required to provide further responses to Interrogatory No. 16.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on August 24, 2011, is GRANTED in part and DENIED in part;
2. Within forty-five days from the date of service of this order, defendants Northcutt, Truitt, and Trujillo shall provide responses to Interrogatory No. 9 of Plaintiff's first set of interrogatories dated June 29, 2010; and
3. Defendants are not required to provide further responses to Interrogatory No. 16.

IT IS SO ORDERED.

Dated:   **March 6, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[5] As noted above, Plaintiff's first set of Interrogatories, dated June 29, 2010, was directed only to defendants Fambrough, Lantz, Northcutt, Truitt, and Trujillo, and defendants Fambrough and Lantz are now dismissed from this action. (Doc. 115 at 7.)