UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD,<br><br>                Plaintiff,<br><br>  v.<br><br>M. KNOWLES, et al.,<br><br>                Defendants. | 1:08-cv-00986-GSA-PC<br><br>ORDER STRIKING SURREPLY<br>(Doc. 135.)<br><br>ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY-ISSUED SUMMARY JUDGMENT NOTICE<br><br>THIRTY-DAY DEADLINE<br><br>ORDER VACATING MOTION FOR SUMMARY JUDGMENT FROM COURT'S CALENDAR TO ALLOW TIME FOR AMENDMENT OF OPPOSITION AND REPLY (Doc. 122.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Valentine E. Underwood ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 17, 2008. (Doc. 1.) This action now proceeds on the original Complaint, against defendants Correctional Officer ("C/O") M. Northcutt and C/O S. Martin for retaliation, in violation of the First Amendment; and against defendants C/O M. Northcutt, C/O S. Martin, C/O D. Caviness, C/O A. Trujillo, and C/O P. Truitt, ("Defendants") for use of excessive force, in violation of the Eighth

Amendment.[1] The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and on June 15, 2011, this case was reassigned to the undersigned for all further proceedings. (Docs. 4, 97, 102.)

On February 17, 2012, Defendants filed a motion for summary judgment, and on April 26, 2012, Plaintiff filed an opposition to the motion. (Docs. 122, 127.) On April 30, 2012, Plaintiff filed a motion to file three affidavits in support of his opposition. (Doc. 129.) On May 18, 2012, Defendants filed a reply to the opposition. (Doc. 127.) On June 11, 2012, the Court granted Plaintiff's motion of April 30, 2012 and filed Plaintiff's three affidavits. (Docs. 132, 133.) On July 23, 2012, Plaintiff filed a surreply. (Doc. 135.)

**II.  PLAINTIFF'S SURREPLY**

Plaintiff filed a surreply on July 23, 2012 titled "Plaintiff's Response to Defendants Reply to Plaintiff's Opposition To Motion For Summary Judgment." (Doc. 135.) The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Accordingly, Plaintiff's surreply shall be stricken from the record as an unauthorized pleading.

**III.  OPPORTUNITY FOR PLAINTIFF TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION, IF HE SO WISHES**

In light of the recent decision in <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012), Plaintiff must be provided with "fair notice" of the requirements for opposing a motion for summary judgment at the time the motion is brought, and the notice given in this case some three years prior does not suffice. On July 10, 2012, the Court provided the requisite notice by re-serving a copy of the Second Informational Order, which includes a summary judgment notice, upon Plaintiff. (Doc. 134.) By separate order entitled "Amended Second Informational Order - Notice and Warning of Requirements for Opposing Defendants' Motion for Summary Judgment," issued concurrently with

---

[1] Defendant Seth Lantz was dismissed from this action on July 18, 2011, via Plaintiff's motion to dismiss. (Doc. 107.) Defendant J. Fambrough was dismissed from this action on December 9, 2011, via Plaintiff's motion to dismiss. (Doc. 121.) All other claims and defendants were dismissed by the Court on October 21, 2009, based on Plaintiff's failure to state a claim. (Doc. 31.)

this order, the Court has again provided the requisite notice. At this juncture, Plaintiff shall be allowed the opportunity to file an amended opposition, if he so wishes. The Court will not consider multiple oppositions, however, and Plaintiff has two options upon receipt of the notice and this order. Plaintiff may either (1) stand on his previously-filed opposition documents filed on April 26, 2012 and June 11, 2012, or (2) withdraw them and file an amended opposition.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's surreply filed on July 23, 2012 is STRICKEN from the record as an unauthorized pleading;

2. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition to Defendants' motion for summary judgment and file an amended opposition;

3. If Plaintiff does not file an amended opposition in response to this order, his existing opposition documents, filed on April 26, 2012 and June 11, 2012, will be considered in resolving Defendants' motion for summary judgment;

4. If Plaintiff elects to file an amended opposition, Defendants' existing reply, filed on May 18, 2012, will not be considered and they may file an amended reply pursuant to Local Rule 230(l); and

5. In light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Defendants' motion for summary judgment is HEREBY DEEMED VACATED from the Court's calendar to allow time for the filing of an amended opposition and amended reply.

IT IS SO ORDERED.

Dated: **August 24, 2012**         /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE