UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE UNDERWOOD,<br><br>      Plaintiff,<br><br>vs.<br><br>M. NORTHCUTT, et al.,<br><br>      Defendants | Case No. 1:08 cv 00986 GSA PC<br><br>ORDER RE PLAINITFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 154) |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).   Pending before the Court is Plaintiff's motion for reconsideration of the March 26, 2015, order granting in part and denying in part Defendants' motion for summary judgment.

      The motion for summary judgment addressed Plaintiff's claims of excessive force and retaliation against Defendants Northcutt and Martin.  Summary Judgment was granted in Defendants' favor on the retaliation claim and denied on the excessive force claim.  Plaintiff alleges that he was assaulted On November 21, 2006, in retaliation for an inmate appeal he filed the previous day and that Defendant Northcutt confiscated his mail in retaliation for the November 21, 2006, assault.   On February 4, 2007, Plaintiff filed an inmate appeal after having his incoming and outgoing mail disappear, and after finding that Defendant Northcutt had been reassigned to the mailroom after the November 21, 2006, incident.

      Summary judgment was denied on the excessive force claim on the ground that although Defendants presented evidence that the initial use of force (the basis for Plaintiff's retaliation

claim) was used to maintain order or restore discipline, Defendants used force on Plaintiff once he was subdued.  The Court found that there was a triable issue of fact as to whether the initial use of pepper-spray was provoked.  There was no evidence, however, that the use of force was motivated by the filing of an inmate grievance.  The Court also found that Defendants submitted evidence that established that they had no involvement in the handling of Plaintiff's mail.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision,: U.S. v. Westlands Water Dist., 134 F. Supp. 2d 111, 1131 (E. D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. V. City of Bakersfield, 634 F. Supp. 646, 665 (E. D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff argues that there is evidence that, just prior to the use of force, he advised Defendants that he had spoken with Lt. Whitehead and, therefore, Defendants were aware of the

grievance. Taking that fact as true, Plaintiff has not come forward with evidence of a triable issue of fact as to whether force was used in retaliation for filing a grievance. The fact that Defendants were aware of the grievance does not establish evidence of retaliation. Plaintiff also argues that there are affidavits of other inmates that he submitted in opposition to the motion for summary judgment indicating that they had problems with their mail. Plaintiff argues that his evidence establishes that C/O Northcutt was assigned to the mailroom during the time Plaintiff had problems with his mail. Such evidence does not create a triable issue of fact as to whether Northcutt interfered with Plaintiff's mail in retaliation for the filing of an inmate grievance. Northcutt's declaration establishes that he was assigned to the mailroom, but did not handle any of Plaintiff's mail.

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration should be denied. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the order granting in part and denying in part Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

Dated:   **July 9, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE